IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY BUCKS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-00322-NJR-DGW |
| | ) |
| MR. BULTS, INC., | ) |
| | ) |
|     Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tracy Bucks initiated this action on March 24, 2016, by filing a two-count Complaint. The first count alleges that Defendant Mr. Bults, Inc. ("Bults") terminated Bucks in retaliation for taking leave under the Family Medical Leave Act ("FMLA"). The second count claims that he was terminated as a result of his disability, in violation of the Americans with Disabilities Act ("ADA"). In response, Bults filed a motion to dismiss Count I for failure to state a claim (Doc. 16), as well as a motion to dismiss Count II for failure to state a claim, or, in the alternative, for summary judgment on Count II (Doc. 17). For the reasons stated below, the motions to dismiss are granted.

### BACKGROUND

Bucks began working for Bults as a truck driver around December 26, 2011 (Doc. 1). On June 19, 2013, Bucks fell from a trailer while at work and was injured (*Id.*). Bucks does not state the nature of his injury, but claims he had surgery related to the injury in February 2014 and again in February 2015 (*Id.*). Bucks alleges he was off work pursuant

to the FMLA for both surgeries, returning to work after the second surgery in August 2015 (*Id.*). On or about December 13, 2015, Bucks was driving a tractor-trailer when it jackknifed, causing a piece of metal wind spoiler to bend. Bucks claims the damaged piece could be repaired by hand and was less than $200 in damage (*Id.*). Bucks asserts that he was terminated as a result of the accident (*Id.*). He also claims that he had never been disciplined prior to this incident, and three other drivers who had similar accidents were not disciplined by Bults.

On January 12, 2016, Bucks filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination by retaliation and for his disability (*Id.*, Doc. 1-1). In the charge of discrimination, Bucks provides a somewhat different account of the facts leading up to his termination. The EEOC charge states: "On February 14, 2015, I had a second surgery due to a work related injury that I sustained in November 2013. I was released back to work in March 2015 with restrictions. On December 14, 2015, I sustained a work-related injury and upon reporting my injury, I was immediately terminated." (Doc. 1-1).

On March 7, 2016, the EEOC issued a "Notice of Right to Sue" permitting Bucks to file this lawsuit. Within his claim for retaliation, Bucks asserts that Bults was an "employer" under the FMLA because it employed the requisite number of employees, he was an "eligible employee" because he worked the requisite number of hours in the 12-month period preceding the incident giving rise to this action, and his June 19, 2013 injury constituted a "serious health condition" under the FMLA because it involved continuing treatment by a health care provider and it made him unable to perform his

job as a truck driver (Doc. 1, p. 3). Within his claim for violation of the ADA, Bucks merely states that his injury was a disability as defined by the ADA, the ADA prohibits employers from terminating an employee because of an actual or perceived disability, and Bults terminated Bucks because of his actual or perceived disability. Bucks seeks actual damages, liquidated damages, equitable relief, attorney fees, and costs.

On June 8, 2016, Bults filed a motion to dismiss the FMLA retaliation claim and a second motion to dismiss Bucks's ADA claim or, in the alternative, for summary judgment on the ADA claim.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Accordingly, the Court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

When ruling on a motion to dismiss, a federal court may consider documents attached to the pleadings without converting the motion to dismiss into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); FED. R. CIV. P. 10(c).

## DISCUSSION

**A.    FMLA Retaliation**

The FMLA allows eligible employees to take unpaid leave to tend to a serious health condition. *Long v. Teachers' Ret. Sys. of Illinois*, 585 F.3d 344, 349 (7th Cir. 2009) (citing 29 U.S.C. § 2612). The FMLA also makes it unlawful for an employer to retaliate against an employee who exercises his FMLA rights. *Carter v. Chicago State Univ.*, 778 F.3d 651, 657 (7th Cir. 2015) (citing 29 U.S.C. § 2615(a)(2), (b)); *see also Burnett v. LFW Inc.*,

472 F.3d 471, 477 (7th Cir. 2006) ("The FMLA makes it unlawful for an employer to interfere with an employee's attempt to exercise any FMLA rights. It also forbids an employer from retaliating against an employee who exercises FMLA rights.").

To establish a claim for FMLA retaliation, a plaintiff must first show he is entitled to FMLA benefits. *Pagel v. TIN Inc.*, 695 F.3d 622, 631 (7th Cir. 2012). An employee is entitled to FMLA leave if he suffers from "a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* at 627. (citing 29 U.S.C. § 2612(a)(1)(D)); *see also de la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 686 (7th Cir. 2008). The Act defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." *Id.* (citing 29 U.S.C. § 2611(11)). Once it is established that the plaintiff is entitled to FMLA benefits, he can state a claim for retaliation by alleging: (1) he exercised or attempted to exercise rights protected under the FMLA; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action (the direct method of proof) or that only he, and not any similarly situated employee who did not exercise rights protected by the FMLA, was subjected to an adverse employment action even though he was performing his job in a satisfactory manner (the indirect method of proof). *Id.*; *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004).

The parties do not dispute that Bucks suffered an adverse employment action

when he was fired, but they do disagree as to whether Bucks engaged in a protected activity when he took FMLA leave and whether there is a causal connection between Bucks's leave and his termination. Bults argues that Bucks has failed allege sufficient facts to show he was entitled to FMLA benefits in the first place and, therefore, he cannot state a claim for FMLA retaliation. Specifically, Bults asserts that Bucks did not sufficiently allege that he suffered a "serious health condition" as required to take leave under the FMLA. Bults also argues that Bucks has alleged no facts showing a causal link between the protected activity and the adverse employment action. Bults points to Bucks's allegation that he returned from FMLA leave in August 2015 but was not fired until December 13, 2015. Bults asserts that this four-month gap is too wide to establish any causal link between Bucks's FMLA leave and his termination.

In response, Bucks does not provide support for his claim that he suffered a serious health condition, but instead argues that an employer who grants FMLA leave is equitably estopped from later asserting lack of eligibility for said leave when defending a claim of retaliation, citing *Holder v. Illinois Dep't of Corr.*, No. 09-CV-1082-JPG, 2011 WL 3030972 (S.D. Ill. July 25, 2011). Bucks also argues that the timing between his last FMLA leave and his termination is not the only fact related to causation. Rather, he also asserts that he had no previous disciplinary actions and at least three other drivers had minor accidents and were not terminated. He also claims—for the first time in this case—that he was injured in the accident on December 13, 2015, and reported that injury to Bults. After reporting the accident and his injury, Bucks was terminated. Based on these allegations, Bucks argues that Bults had no other reason to terminate him unless it was

"related to his FMLA leave and/or connected to his report of an injury at the time of the accident that may or may not have required FMLA leave."

The Court agrees with Bults that Bucks has failed to state a claim for FMLA retaliation. To survive a Rule 12(b)(6) motion to dismiss, Bucks need not prove his case or even provide detailed factual allegations, however, he must allege facts that "raise a right to relief above the speculative level" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Bucks has not stated any facts supporting his claim that he suffered from a serious health condition as defined by the FMLA and as required to state a claim for FMLA retaliation. While he asserts that his June 2013 injury constituted a "serious health condition" under the FMLA because it involved continuing treatment by a health care provider and it made him unable to perform his job as a truck driver, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, Bucks's reliance on *Holder* and the doctrine of equitable estoppel is premature at best. In *Holder*, the plaintiff-employee sued his employer for interfering with his rights under the FMLA to care for his ill wife. *Id.* at *2. The employer argued the employee was not entitled to FMLA leave in the first place because the employee's wife did not have a "serious health condition" as defined by the FMLA. *Id.* The employee then claimed that the employer was equitably estopped from asserting he was not entitled to FMLA leave. The court agreed, finding that the employer represented to the employee that it had approved his FMLA leave when it provided an FMLA medical

certification form, and that the approval of the employee's FMLA leave was essentially an assertion that the employer was satisfied the plaintiff's wife had suffered a serious health condition. *Id.* at *3. The court also found that the plaintiff reasonably relied on that representation to his detriment. *Id.* Thus, the employer was estopped from claiming the plaintiff was not entitled to FMLA leave in the first place. *Id.* On appeal, the Court of Appeal noted that "the district court's ruling on estoppel was correct." *Holder v. Illinois Dep't of Corr.*, 751 F.3d 486, 494 (7th Cir. 2014), as corrected (Nov. 2, 2015).

The problem with Bucks's reliance on *Holder* is that his Complaint does not allege that Bults approved Bucks's FMLA leave, provided him with any certification forms, or made any representations that would lead Bucks to believe his medical needs constituted a "serious health condition" under the FMLA. Thus, Bucks cannot use equitable estoppel to make up for his pleading deficiencies.

As for Bults's claim that Bucks has not alleged a causal link between the protected activity and the adverse employment action, it is true that temporal proximity on its own is generally not enough to show a causal link. *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 506 (7th Cir. 2004). And, in cases where "suspicious timing" is correlated with a discriminatory cause, the discharge often takes place "on the heels of protected activity." *King v. Preferred Tech. Grp.*, 166 F.3d 887, 893 (7th Cir. 1999) (employee was terminated one day after she completed her leave of absence under the FMLA); *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 797 (7th Cir. 1997) (2–3 day period between the protected activity and the adverse employment action was sufficient to establish a prima facie case of retaliation). Bucks also alleges, however, that his fellow employees were not fired for

similar conduct, and he had no other disciplinary issues leading up to his termination. Allegations of this type fall within the indirect method of proving causation. Thus, the final element of an FMLA retaliation claim was adequately pleaded.

Accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in Bucks's favor, the Court finds that Bucks has failed to state a claim for FMLA retaliation. Bucks has not pleaded any facts showing he suffered a serious health condition or how that condition made him unable to perform his job. Accordingly, the Court dismisses Count I for failure to state a claim, and grants leave to file an amended complaint.

**B.     ADA Violation**

The Court next turns to Bucks's claim for a violation of the ADA. To prevail on a claim of ADA discrimination, a plaintiff must show:  (1) he is disabled within the meaning of the ADA; (2) his work performance met the employer's legitimate expectations; (3) he was discharged; and (4) the circumstances surrounding the discharge indicate it was more likely than not his disability was the reason for the discharge. *Leffel v. Valley Financial Servs.*, 113 F.3d 787, 794 (7th Cir. 1997). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2)(A).

The facts supporting this claim are minimal. Bucks asserts in conclusory fashion that his injury from falling from the trailer in June 2013 was a disability as defined by the ADA, the ADA prohibits employers from terminating an employee because of an actual or perceived disability, and Bults terminated Bucks because of his disability or perceived

disability. Bults moves to dismiss this claim, arguing that Bucks fails to state what injury he sustained and how that injury constitutes a disability under the ADA. In his reply brief, Bucks asserts that the ADA requires a case-by-case assessment of whether a particular plaintiff's impairment is disabling, and, therefore, the motion is premature.

As previously stated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a plaintiff need not prove his case at this stage, he must allege facts that "raise a right to relief above the speculative level" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Bucks has failed to do so. It is impossible to determine whether Bucks is disabled within the meaning of the ADA, or to do the case-by-case assessment Bucks requests, when he has not even disclosed his injury. His mere recitation of the elements of discrimination under the ADA is insufficient to survive a Rule 12(b)(6) motion to dismiss.

Accordingly, the Court dismisses Count II for violation of the ADA and grants leave to file an amended complaint. The Court further declines to review the alternative motion for summary judgment at this early stage of the proceedings.

## CONCLUSION

For these reasons, Defendant Mr. Bults, Inc.'s Motion to Dismiss Count I (Doc. 16) is **GRANTED**. The Motion to Dismiss Count II (Doc. 17) is also **GRANTED**. Therefore, the Complaint is **DISMISSED without prejudice**. Plaintiff Tracy Bucks is granted leave to file an Amended Complaint on or before **December 2, 2016**.

Furthermore, Defendant's alternative Motion for Summary Judgment regarding

Count II is **DENIED without prejudice**. Defendant may refile a motion for summary judgment after discovery has been conducted.

**IT IS SO ORDERED.**

**DATED:** November 3, 2016

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**